**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DELAIZARAH ZGRAGGEN
ROSARIO,

        Plaintiff,

v.                                                              Case No. 6:24-cv-90-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.

---

## OPINION AND ORDER[2]

### I.   Status

Delaizarah Zgraggen Rosario ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of mental issues including bipolar and anxiety disorders and physical issues including injuries to her neck and back. Transcript of

---

[1]    Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed March 21, 2025, at 216, 241, 735. [3] Plaintiff protectively filed an application for SSI on February 14, 2011, alleging a disability onset date of July 27, 2008. [4] Tr. at 662-70. The application was denied initially, Tr. at 216-26, 228, 380, 381-86, and upon reconsideration, Tr. at 230, 241-54, 395, 396-400. [5]

On July 8, 2013, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel; Plaintiff's neighbor; and a vocational expert ("VE") testified. Tr. at 134-71. On November 29, 2013, the ALJ issued a decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 258-75.

Thereafter, on December 18, 2014, the Appeals Council granted review. Tr. at 430-34. On May 13, 2015, the Appeals Council issued a final unfavorable decision and dismissal. Tr. at 197-203. Plaintiff appealed the Appeals Council's decision to this Court, and on June 21, 2016, the Court entered an Order

---

[3]     Some documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4]     Although the SSI application was actually filed on June 24, 2011, Tr. at 662, the protective filing date is listed elsewhere in the administrative transcript as February 14, 2011, Tr. at 216, 241.

[5]     The administrative transcript also reflects initial and reconsideration denials of a claim for disability insurance benefits ("DIB") filed around the same time as the SSI claim. Tr. at 205-15, 227, 229, 231-40, 389, 390-94. This DIB claim was eventually dismissed under the doctrine of res judicata. Tr. at 258-59; see also Tr. at 280-96 (adjudicating an earlier-filed DIB claim), 316-36 (this Court affirming the adjudication of the earlier-filed claim), 340-46 (U.S. Court of Appeals for the Eleventh Circuit affirming). Accordingly, the DIB claim is not at issue here.

reversing and remanding the Commissioner's final decision. Tr. at 172-73; see Tr. at 174-85 (Report and Recommendation).

On remand, the Appeals Council remanded the matter back to an ALJ to take action consistent with the Court's Order. See Tr. at 351. On July 10, 2017, another ALJ held a hearing, during which Plaintiff and a VE testified. Tr. at 2076-2103. On October 17, 2017, the ALJ issued a decision finding Plaintiff was not disabled since the date the SSI application was filed. Tr. at 351-68.

Plaintiff appealed the final decision to this Court, and on October 25, 2018, the Court entered an Order reversing and remanding the Commissioner's final decision. Tr. at 187-88; see also Tr. at 190 (Judgment). On remand, the Appeals Council on November 26, 2018 remanded the matter back to an ALJ consistent with the Court's Order. Tr. at 194, 494.

Plaintiff attended hearings before another ALJ on August 13, 2019,[6] January 25, 2022, and May 10, 2022, in each, the ALJ taking testimony from Plaintiff (who remained represented by counsel) and in the first and last hearings, from a VE. Tr. at 42-77 (May 10, 2022 hearing), 78-85 (January 25, 2022 hearing), 86-133 (August 13, 2019 hearing).[7] On February 20, 2023, the

---

[6]    Prior to this hearing, Plaintiff's counsel sent the ALJ letters containing requests that the claims files be merged. Tr. at 507, 847.

[7]    The latter two hearings were held via videoconference with Plaintiff's consent. Tr. at 44, 80. In the January 2022 hearing, Plaintiff's counsel only appeared via telephone because of technical issues. Tr. at 80.

ALJ issued a decision finding Plaintiff not disabled since the date the SSI application was filed. Tr. at 4-30.

Plaintiff appealed to this Court. Tr. at 2217-20. On June 27, 2024, this Court entered an Opinion and Order reversing and remanding the Commissioner's final decision for further proceedings. Tr. at 2221-37; see also Tr. at 2238 (Judgment). On remand, the Appeals Council on July 31, 2024 remanded the matter to an ALJ for further proceedings consistent with the Court's Order. Tr. at 2242. The Council noted that Plaintiff had filed another claim for SSI on August 31, 2023. Tr. at 2242. So, the ALJ was directed to "consolidate the claim files, associate the evidence, and issue a new decision on the consolidated claims." Tr. at 2242; see Tr. at 2502-11 (2023 SSI claim[8]).

The ALJ held a hearing on September 5, 2024,[9] taking testimony from Plaintiff and a VE. Tr. at 2148-75. The ALJ then issued a Decision on September 23, 2024, finding Plaintiff was not disabled since February 14, 2011, the date the SSI application was filed. Tr. at 2107-33. The Appeals Council declined jurisdiction. On January 21, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[8]    The claim is dated July 15, 2023 but received by the SSA August 18, 2023. Tr. at 2502, 2511. In this claim, Plaintiff alleges a litany of impairments that allegedly make her disabled. See Tr. at 2542.

[9]    The hearing was held via telephone with Plaintiff's consent. Tr. at 2150-51.

On appeal, Plaintiff argues the ALJ erred by "fail[ing] to comply with the Appeals Council's remand order dated July 31, 2024." Plaintiff's Brief (Doc. No. 16; "Pl.'s Br."), filed May 20, 2025, at 7 (emphasis and some capitalization omitted). On July 7, 2025, Defendant responded to Plaintiff's argument by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[10] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7

---

[10]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. <u>See</u> Tr. at 2110-33. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since February 14, 2011, the application date." Tr. at 2110 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the cervical spine, thoracic spine, and lumbar spine, obesity, left carpal tunnel syndrome, gastroesophageal reflux disease, diverticulosis, nephrolithiasis and ureter stricture, peripheral neuropathy, migraines, a generalized anxiety disorder, a panic disorder, a bipolar disorder/depressive disorder, and posttraumatic stress disorder." Tr. at 2110 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 2111 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual capacity ("RFC"):

> [Plaintiff can] perform less than the full range of light work as defined in 20 CFR [§] 416.967(b). She can lift, carry, push, and/or pull 20 pounds occasionally and 10

pounds frequently. She can stand and/or walk, with normal breaks, for a total of four hours in an eight-hour workday. She can sit, with normal breaks, for a total of six hours in an eight-hour workday. She can never operate foot controls. She can frequently push and pull within the weight ranges described. She can occasionally balance on uneven terrain; occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can frequently reach, handle and finger bilaterally. She can tolerate no more than occasional exposure to temperatures under forty degrees Fahrenheit and above ninety degrees Fahrenheit. She can have no concentrated exposure to vibration or pulmonary irritants such as fumes, odors, dusts, noxious gases, and areas of poor ventilation. She can tolerate no exposure to unprotected heights or dangerous moving machinery. She can perform simple work tasks with occasional interaction with the public, coworkers, and supervisors.

Tr. at 2113-14 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 2131 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("37 years old . . . on the date the application was filed"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 2132 (emphasis and citation omitted), such as "assembler, small products I," "electronics worker," and "assembler, electrical accessories I," Tr. at 2132. The ALJ concluded Plaintiff "has not been

under a disability . . . since February 14, 2011, the date the application was filed." Tr. at 2133 (emphasis and citation omitted).

### III.    Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.    Discussion

Plaintiff argues solely that the ALJ erred in "failing to comply with the Appeals Council's remand order" that instructed the ALJ to consolidate the original 2011 SSI claim with the subsequently-filed 2023 SSI claim, associate the evidence, and issue a decision on the consolidated claims. Pl.'s Br. at 7 (emphasis and some capitalization omitted); <u>see also</u> Tr. at 2242 (Appeals Council instructions). Plaintiff concedes that the certified administrative transcript contains her 2023 SSI application but contends the ALJ did not actually follow the Appeals Council's instructions because nine days after the ALJ authored the Decision at issue, Plaintiff received from the SSA a Notice of Disapproved Claim on her 2023 SSI application ("2023 Denial Notice"). <u>Id.</u> at 8-9; <u>see id.</u> at App'x 4. According to Plaintiff, this 2023 Denial Notice relies upon certain evidence that may or may not be in the administrative transcript and demonstrates that the ALJ erred in failing to render a decision on both claims. <u>Id.</u> at 8-10.

Responding, Defendant argues the ALJ "expressly recited the Appeals Council's directive in her [D]ecision and issued a [D]ecision for a period that encompassed both claims." Def.'s Mem. at 1. Defendant contends Plaintiff is speculating that the ALJ may not have considered certain evidence and cannot

demonstrate any prejudice. Id. at 1, 5-11. In any event, Defendant points out that Plaintiff's counsel assured the ALJ that the record was complete at the last hearing, so if there was any error, Defendant argues it was invited. Id.

It is undisputed that the ALJ was obligated to follow the Appeals Council's directive to consolidate the 2011 and 2023 SSI claims, associate the evidence, and issue a new decision on both claims. See Tr. at 2242. It is also undisputed that the 2023 SSI claim appears in the administrative transcript. See Tr. at 2502-11. At the September 5, 2024 hearing, the ALJ specifically referenced the directive of the Appeals Council to consolidate the subsequently-filed claim. Tr. at 2151-52. The ALJ then stated: "That evidence has been consolidated, and so I will be making a decision on that application as well." Tr. at 2152. Soon afterwards, the ALJ asked Plaintiff's counsel if he had "had an opportunity to review the record in the case," to which counsel responded, "Yes. I have." Tr. at 2152. Asked by the ALJ if the record was complete, counsel stated, "Yes, it is." Tr. at 2152. Then, the Decision was issued. In it, the ALJ again referenced the Appeals Council's directive to consolidate the claims, Tr. at 2107, evidencing an understanding and a purported following of the instruction.

On this record, the undersigned cannot conclude that the ALJ failed to follow the Appeals Council's directive. And, even if the ALJ somehow failed to associate some of the evidence, the error was invited. The ALJ specifically asked

Plaintiff's counsel to confirm whether the record was complete in light of the directive to associate the claims—counsel confirmed that it was. See Larry v. Comm'r of Soc. Sec., 506 F. App'x 967, 969 (11th Cir. 2013) (citing Ford v. Garcia, 289 F.3d 1283, 1293-94 (11th Cir. 2002)) (after an attorney confirmed that the record was complete when asked by an ALJ, finding that "any alleged error the ALJ may have made in not obtaining more recent medical records was invited").

It is perplexing that the SSA sent Plaintiff the 2023 Denial Notice after the ALJ's Decision was rendered, which is not part of the administrative transcript. See Pl.'s Br. at App'x 4. Defendant contends it "appears to have been sent in error by the agency, as the ALJ had, nine days prior, issued a [D]ecision on the consolidated SSI claims." Def.'s Mem. at 7. If the ALJ's Decision indeed encompasses both claims, then this 2023 Denial Notice does appear to have been sent in error. Plaintiff argues it is indicative of the current administrative transcript being incomplete because, according to the 2023 Denial Notice, three categories of evidence were used to decide Plaintiff's 2023 SSI claim, see Pl.'s Br. at App'x 4, and "it is unclear if these records were before the ALJ," see id. at 9. But, again, Plaintiff's counsel assured the ALJ that the record was complete. If any of these categories of evidence are not included in the administrative transcript, the error was invited. See Larry, 506 F. App'x at 969. Moreover, Plaintiff has not demonstrated clear prejudice by any failure to

- 11 -

consider this evidence. See Brown v. Shalala, 44 F.3d 931, 934 (quotation and citation omitted) (11th Cir. 1995) ("In evaluating the necessity for a remand, we are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.").

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 26, 2026.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

- 12 -